IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christopher Moore, | ) | Case No. 4:25-cv-03534-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report").  On September 17, 2025, Respondent filed a return and a motion for summary judgment.  ECF Nos. 24, 25.  Despite a warning from the Court regarding the importance of filing a response, Petitioner did not respond to the motion.  On October 27, 2025, the Magistrate Judge recommended that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or, alternatively and upon review of the merits, that the motion be granted and the petition be dismissed without an evidentiary hearing.  ECF No. 27.  Petitioner filed objections.  ECF No. 29.

1

## APPLICABLE LAW AND ANALYSIS

### Standard of Review

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

### Habeas Corpus

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

2

presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### *Procedural Bypass*

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts. In such a situation, the petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *Id.* Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. *Id.*

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. *See* S.C. Code Ann. § 17-

27-90; *Aice v. State*, 409 S.E.2d 392, 394 (S.C. 1991).  Further, if a prisoner has failed to file a direct appeal or a post-conviction relief ("PCR") application and the deadlines for filing have passed, he is barred from proceeding in state court.  S.C. App. Ct. R. 203(d)(3), 243.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  *See Reed v. Ross*, 468 U.S. 1, 11 (1984); *see also Kornahrens v. Evatt*, 66 F.3d 1350, 1357 (4th Cir. 1995).  As the United States Supreme Court explained:

> [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed*, 468 U.S. at 10–11.

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim.  *Smith*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)).  When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim.  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Further, if the petitioner does not raise cause and prejudice, the court need not consider the defaulted claim.  *See Kornahrens*, 66 F.3d at 1363.

4

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991). Absent a showing of cause and actual prejudice, a federal court is barred from considering the claim. *Wainwright*, 433 U.S. at 87. In such an instance, the exhaustion requirement is technically met, and the rules of procedural bar apply. *Teague v. Lane*, 489 U.S. 288, 298 (1989).

### *Cause and Actual Prejudice*

Because the requirement of exhaustion is not jurisdictional, this Court may consider claims that have not been presented to the Supreme Court of South Carolina in limited circumstances—where a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or where a "fundamental miscarriage of justice" has occurred, *Carrier*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim, where the novelty of the constitutional claim is such that its legal basis is not reasonably available to the petitioner's counsel. *Id.* at 487–89; *Reed*, 468 U.S. at 16. Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Carrier*, 477 U.S. at 492. To show actual prejudice,

5

the petitioner must demonstrate more than plain error. *Engle v. Isaac*, 456 U.S. 107, 134–35 (1982).

As an alternative to demonstrating cause for failure to raise the claim, the petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the petitioner must show he is actually innocent. *See Carrier*, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). To meet this actual innocence standard, the petitioner's case must be truly extraordinary. *Carrier*, 477 U.S. at 496.

## DISCUSSION

As an initial matter, the Magistrate Judge provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates into this Order by reference. In light of Petitioner's objections and his clear indication that he intends to pursue this action, the Court finds the portion of the Report recommending that this action be dismissed pursuant to Rule 41(b) as moot. With respect to the remainder of the Report, the Court will begin with a discussion of the portions of the Report to which no objection was filed. These portions of the Report, the record, and the applicable law have been reviewed for clear error. The Court will then proceed to a discussion of the portions of the Report to which Petitioner objected. These portions of the Report, the record, and the applicable law have been reviewed de novo.

6

The Magistrate Judge recommended finding that Grounds 2–55 are procedurally defaulted because they were not raised in Petitioner's petition for writ of certiorari to the Supreme Court of South Carolina. Petitioner has filed no objection to this portion of the Report; upon review for clear error, the Court adopts the recommendation of the Magistrate Judge.

In Ground One, Petitioner raises a claim for ineffective assistance of counsel; however, as noted by the Magistrate Judge, Petitioner truly raises three distinct claims in Ground One. With respect to his claims that the PCR court erred in finding defense counsel was not ineffective for failing to request an instruction that a person did not have a duty to retreat if it would increase the danger to himself and in finding defense counsel was not ineffective for failing to request a jury instruction that the defendant had the right to "act on appearances" and "did not have to wait for the decedent to get the drop on him," the Magistrate Judge determined that the PCR court's ruling was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. Petitioner has not objected to this portion of the Report; upon review for clear error, the Court adopts this recommendation of the Magistrate Judge.

Turning to the third portion of Ground One, Petitioner argued that the PCR court erred in finding defense counsel was not ineffective for failing to object to the solicitor's closing argument that the defense attorney's job was to confuse the jury while the solicitor was seeking truth and justice for the decedent and his family. The Magistrate Judge

determined that this Ground failed because it was a question of state law that had been

ruled on by the state court.  Petitioner objects to this portion of the Report.

In the order ruling on Petitioner's PCR application, the PCR court addressed trial

counsel's performance under the standard set forth in *Strickland v. Washington*, 466 U.S.

668, 687 (1984).  App. 1070–1012.  The PCR court found that,

> Applicant contents trial counsel was ineffective for failing to object and move for a mistrial when the solicitor argued, "The defense's job is to confuse you and to believe the defendant's lies. Don't fall for it. We come seeking the truth and we come seeking justice for Odell Williams, but we also come seeking justice for his family."
>
> At the PCR hearing, counsel stated the law changed after this trial, and although lawyers are no longer permitted to use truth-seeking language, that was not the case at the time of the trial.
>
> Initially, Applicant has not provided any law at the time of Applicant's trial that prohibited attorneys from arguing truth-seeking language during closing argument. Although Aleksey and Daniel found such language improper by courts, they did not prohibit attorneys from making such arguments. See Aleksey, 343 S.C. at 27,538 S.E.2d at 251 ("[W]e have urged trial courts to avoid using any 'seek language when charging jurors on either reasonable doubt or circumstantial evidence . . . . (emphasis added)); State v. Daniels, 401 S.C. 251, 256, 737 S.E.2d 473,475 (2012) ("[W]e instruct the trial judge to remove any suggestion from his general sessions charges that a criminal jury's duty is to return a verdict that is "just" or "fair" to all parties." (emphasis added)); cf. Teamer v. State, 416 S.C. 171, 183, 786 S.E.2d 109, 115 (2016) ("[T]he PCR court erred in finding trial counsel ineffective for failing to object to the jury instruction when no case law existed rendering the instruction improper per se. This Court has

previously held that reasonable representation does not require trial counsel to foresee successful appellate challenges to novel questions of law."). Ultimately, in PCR, the applicant bears the burden of proving his allegations. Here, he has not proven deficiency.

Further, it is not reasonably likely Applicant's conviction would have been reversed based on the solicitor's truth-seeking language. Cf Aleksey, 343 S.C. at 28-29, 538 S.E.2d at 252–53 (finding trial court's truth-seeking language did not shift the burden of proof when it was not given in conjunction with the charge on the State's burden of proof); Beatty, 423 S.C. at 32–34, 813 S.E.2d at 505–06 (finding defendant not prejudiced by court's pretrial comments that a trial is a search for the truth and the jury's role is to render true and just verdict and determine true facts when these comments "were a mere statement to the jury and not a charge on the law" and "the remarks were not linked to either the reasonable doubt or the circumstantial evidence charges"). Finally, although the solicitor's comments regarding "defense counsel" was not appropriate, this Court finds this passing reference did not so infect the trial with unfairness such as to constitute a due process violation. Thus, Applicant has not proven counsel ineffective in this regard.

App. 1057–59. The PCR court's denial of Petitioner's ineffective assistance of counsel claim was neither contrary to nor an unreasonable application of applicable Supreme Court precedent. First, the PCR court applied the *Strickland* standard, which is the applicable Supreme Court precedent. Second, the record fails to demonstrate the PCR court confronted a set of facts that were materially indistinguishable from those considered in a decision of the Supreme Court but arrived at a result different from the Supreme Court precedent.

9

In his objections, Petitioner argues that this is not an issue of state law but that the solicitor's statements in closing argument violated the holding in *U.S. v. Young*, 470 U.S. 1 (1985).  Upon review of the record, the issue of the solicitor's statements in his closing argument was not raised to the state courts as a violation of *U.S. v. Young*, 470 U.S. 1 (1985), but was considered and ruled upon as a question of state law.  Regardless, even considering the argument as it is presented now, Petitioner has failed to demonstrate that the PCR court's decision was either contrary to or an unreasonable application of clearly established Supreme Court precedent.  Petitioner's trial counsel testified that, under the law as it now exists, he would have the option to object to the solicitor's comments; however, at the time, he did not believe that the comments rose to the level necessary for an objection and, in his opinion, it would not have changed the outcome of the case. App. 924–28.  Caselaw makes it clear that an analysis under *Young* requires a review of the totality of the circumstances.  As explained by the Ninth Circuit Court of Appeals,

> *Young* held that inappropriate prosecutorial comments do not necessarily warrant reversal, but rather "must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error."  470 U.S. at 12.  In *Young,* the prosecutor had stated that he personally believed in the defendant's guilt and had urged the jury to "do its job."  *Id.* at 17–18.  The United States Supreme Court found that these statements constituted error, but did not "seriously affect[ ] the fairness of the trial," *id.* at 20, because they were understood as responses to improper remarks made by the defense.  *See id.* at 17–18 ("Given the context of the prosecutor's remarks and defense counsel's broadside attack . . . we conclude that the jury was not

10

influenced to stray from its responsibility to be fair and unbiased.").

*Ybarra v. McDaniel*, 656 F.3d 984, 999 (9th Cir. 2011). *See also Stermer v. Warren*, 959 F.3d 704, 726 (6th Cir. 2020) (listing some of the factors to be considered in this analysis including that "[t]he nature and frequency of the improper remarks can also determine whether the defendant's trial was rendered unfair"). Here, the comments were isolated and, when viewed in the context of the remainder of the closing arguments and the trial itself, were not unduly prejudicial such that habeas relief is appropriate.

Moreover, as noted above, the PCR court denied his PCR application as to this ground pursuant to state law. Therefore, to the extent this decision rests on adequate and independent state grounds, Petitioner's claim is procedurally barred from federal habeas review. *Ward v. Warden of Lieber Corr. Inst.*, No. 0:11-3277-RBH-PJG, 2013 WL 1187133, at *19 (D.S.C. Feb. 15, 2013), *report adopted sub nom.* 2013 WL 1187112 (D.S.C. Mar. 20, 2013). Accordingly, Respondent's motion for summary judgment is granted as to this Ground.

## CONCLUSION

Therefore, upon review of the record, the Report, and the applicable law, the Court finds as moot the portion of the Report recommending dismissal pursuant to Rule 41(b) and agrees with the remainder of the recommendation of the Magistrate Judge. The Motion for Summary Judgment [24] is **GRANTED** and the Petition is **DENIED**.

11

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

   **IT IS SO ORDERED**.

s/ Donald C. Coggins, Jr.
United States District Judge

July 13, 2026
Spartanburg, South Carolina

12